Yuvani Isaac CASTELLANOS–
SANTIAGO, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

Nos. 06–70390, 06–72681.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008 *.

March 24, 2008.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Haitham E. Ballout, Esq., Law Offices of Haitham E. Ballout, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sharzhad Baghai, Esq. U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA Circuit Judges.

MEMORANDUM **

Yuvani Isaac Castellanos–Santiago is a native and citizen of Mexico. In petition No. 06–70390, he seeks review of a Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision that denied his application for withholding of removal and protection under the Convention Against Torture ("CAT"). In petition No. 06–72681, Castellanos–Santiago seeks review of a second BIA order that denied his motion to reopen and reconsider the denial of his cancellation application Our jurisdiction is governed by 8 U.S.C. § 1252. We review the factual findings underlying the denial of withholding and CAT protection for substantial evidence See Ramos–Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995); Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir. 2003). We review the denial of a motion to reopen or reconsider for abuse of discretion. See Cano–Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). We deny petition for review No. 06–70390. We deny in part,

and dismiss in part petition for review No. 06–72681.

■ With respect to petition No. 06–70390, substantial evidence supports the IJ's denial of withholding of removal because the record does not compel a finding that Castellanos–Santiago suffered past persecution, see Gu v. Gonzales, 454 F.3d 1014, 1019–21 (9th Cir.2006), and does not compel a finding of a clear probability of future persecution, see Ramadan v. Gonzales, 479 F.3d 646, 658 (9th Cir.2007) (per curiam). Castellanos–Santiago was never personally harmed in Mexico and the harm to his relatives lacked nexus to a protected ground.

■ Substantial evidence also supports the IJ's determination that Castellanos–Santiago failed to establish it is more likely than not that he would be tortured if he returned to Mexico. See Zhang v. Ashcroft, 388 F.3d 713, 721–22 (9th Cir.2004).

■ With respect to petition No. 06–72681, the agency previously denied cancellation because Castellanos–Santiago failed to establish the requisite hardship to his United States citizen son.

We lack jurisdiction to review the BIA's denial of Castellanos–Santiago's motion to reopen cancellation where the hardship evidence of his son's asthma was cumulative and related to the same hardship ground underlying his original cancellation application. 8 U.S.C. § 1252(a)(2)(B)(i); see Fernandez v. Gonzales, 439 F.3d 592, 601–603 (9th Cir.2006)

■ To the extent that Castellanos–Santiago challenges the BIA's denial of his motion to reconsider cancellation, the BIA did not abuse its discretion in denying the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion as untimely because it was filed more than 30 days after the BIA's prior decision. 8 C.F.R. § 1003.2(b)(2).

PETITION FOR REVIEW NO. 06–70390 DENIED.

PETITION FOR REVIEW NO. 06–72681 DENIED in part, and DISMISSED in part.